Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 99 C 6139 | Date | May 24, 2000 |
| Case Title | Bingo Brain, Inc. v. California Concepts, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☐ Status hearing ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to ☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss, transfer and/or stay is denied. (10-1, 10-2, 10-3)

(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | | | |
|---|---|---|---|
| ☐ No notices required, advised in open court. | | 3 | number of notices |
| ☐ No notices required. | | | |
| ☒ Notices mailed by judge's staff. | | MAY 26 2000 | date docketed |
| ☐ Notified counsel by telephone. | | | |
| ☐ Docketing to mail notices. | | | docketing dpty. initials |
| ☐ Mail AO 450 form. | | | |
| ☐ Copy to judge/magistrate Judge. | | 5/25/00 | date mailed notice |
| ETV | courtroom deputy's Initials | Date/time received in central Clerk's Office | ETV mailing dpty. initials |

Document # 61

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BINGO BRAIN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 C 6139 |
| ) | |
| CALIFORNIA CONCEPTS, INC., ) | Judge Rebecca R. Pallmeyer |
| APPLIED CONCEPTS, INC., ) | |
| BINGO 2000, and BINGO ) | |
| CONCEPTS, INC., ) | |
| ) | |
| Defendants. ) | |

**DOCKETED**

**MAY 2 6 2000**

## MEMORANDUM OPINION AND ORDER

On September 16, 1999, Plaintiff Bingo Brain, Inc. ("Bingo Brain") filed this lawsuit charging Defendants California Concepts, Inc. ("CCI"), Applied Concept, Inc. ("ACI"), Bingo 2000 and Bingo Concepts, Inc. ("BCI") with patent infringement. Bingo Brain alleges that Defendants' product "Bingo Mate" and "Bingo Mate 2000" infringe U.S. Patent No. 4, 768,151 ('151 patent) entitled "Electronic Bingo Card Manager," registered to Plaintiff. The alleged infringing devices are manufactured by ACI. CCI, ACI, BCI and Bingo 2000 all sell and distribute the devices. Currently before the court is Defendants' motion to dismiss, transfer, and/or stay. All four Defendants seek a transfer pursuant to 28 U.S.C. § 1404(a) to the Northern District of Ohio, where three of the Defendants have filed a declaratory action involving the same issues and parties. Defendant ACI claims, further, that it is not subject to this court's jurisdiction because it has not had minimum contacts with Illinois. For the reasons stated herein, the court denies Defendants' motion to dismiss, transfer, and/or stay.

6 |

## FACTUAL BACKGROUND

On September 16, 1999, Bingo Brain, a Missouri corporation, filed this action for patent infringement against Defendants CCI, BCI, ACI, all Ohio corporations; and Bingo 2000, an Illinois corporation. Eleven days later, on September 27, 1999, CCI, BCI, and ACI commenced a declaratory judgment action for non-infringement and invalidity of the patent in suit in the Northern District of Ohio, Eastern Division ("Ohio action").[1] The issues in the Ohio action mirror the issues raised in this case: Specifically, whether Defendants' product "Bingo Mate" or "Bingo Mate 2000"infringe the claims of Plaintiff '151 patent. Bingo Brain filed a motion to transfer the Ohio action to this court. Conversely, Defendants CCI, BCI, ACI and Bingo 2000 now ask this court to transfer the matter to Ohio.

On March 1, 2000, Judge Patricia A. Gaughan of the U.S. District Court for the Northern District of Ohio granted Bingo Brain's motion to transfer the case before her. (Transfer Order, Exhibit A to Bingo Brain, Inc.'s Opposition to Defendants' Motion to Dismiss, Transfer and/or Stay ("Pl.'s Opp'n.").) In her five-page opinion, Judge Gaughan reached her decision by applying the "first-to-file rule":

> The "first-to-file rule" is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Abbott Laboratories, Inc. v. Mead Johnson & Co.*, 47 U.S.P.Q.2d 1305 (S.D. Ohio 1998). "The general rule favors the forum of the first-filed action, whether or not it is a declaratory action." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931 (Fed. Cir. 1993).

(Transfer Order at 2.) Judge Gaughan considered the "convenience and availability of

---

[1] *California Concepts, et al. v. Bingo Brain, Inc.*, Civil Action No. 99 CV 2307 ("Ohio action").

2

witnesses," "absence of jurisdiction over all necessary or desirable parties," "possibility of consolidation with related litigation," "considerations relating to the real parties in interest," in addition to the fact that Bingo Brain was the "first-to-file." (*Id.*) Furthermore, Judge Gaughan rejected the plaintiff's attempt to apply the "customer suit" exception to the first-to-file rule. (*Id.* at 3) She pointed out that the exception is available

> where "the first suit is filed against a customer who is simply a reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989). The exception is "based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement." *Id.* However, the Illinois action is not merely against the customer Bingo 2000, but also against the manufacturers. While Bingo 2000 is the only party which is a resident of Illinois, defendant herein points out that California Concepts, Inc. and Bingo Concepts, Inc. admitted to ongoing contacts with Illinois in their Answer filed therein. (Ex. B). Thus, this exception does not apply.

(*Id.*) Judge Gaughan ultimately concluded that "plaintiffs [California Concepts, *et al.*] have not overcome the presumption that duplicative litigation should be avoided and that the court having a later-filed suit involving the same parties and issues should defer to the district where the earlier-filed suit is pending." (*Id.* at 4.) In its response to the motion currently before the court, Plaintiff argues that Judge Gaughan correctly decided the transfer motion and that this court ought not revisit the issue. (Pl.'s Opp'n at 1.)

With respect to ACI's jurisdiction objection, Bingo Brain alleges several contacts that ACI has had with this forum. First, Bingo Brain alleges that Mary Poreda ("Poreda"), a Chicago resident, was an actual customer of ACI who used the accused infringing devices in her bingo hall operation in the Chicago area some time between 1990 and 1991. (Dunn and Bradstreet Report citing Illinois Secretary of State incorporation documents ("Dunn and

3

Bradstreet Report"), Ex. D to Pl.'s Opp'n) (*see also* Pl.'s Opp'n at 6.) Bingo Brain suggests that it was ACI's experience with Poreda that led ACI to file its application to do business in the State of Illinois. (Pl.'s Opp'n at 6.) Defendants counter by stating that Poreda "merely tried out, without charge, a few Bingo Mate units for at most a few weeks before deciding not to purchase and/or lease any of the Bingo Mate units." (Defendants' Memorandum of Law in Reply to Bingo Brain Inc.'s Opposition to and in Further Support of Defendants' Motion to Dismiss, Transfer and/or Stay ("Defs.' Reply") at 4.) Defendants contend that "the one time trial of bingo computer units by Poreda in Illinois about ten years ago for at most a few weeks cannot reasonably and fairly form the basis for personal jurisdiction in 1999." (*Id.*)

For further support of its argument that ACI satisfies the minimum contacts requirement, Bingo Brain points to the deposition testimony of John Adams ("Adams"), an officer and principal of ACI, BCI, and CCI. (Adams Dep., Ex. B to Pl.'s Opp'n at 4-5.) During the course of Adam's testimony, Adam's attorney Howard Miskin corrected an earlier claim by Adams that ACI was not licensed to do business in Illinois:

> Mr. Miskin: In the course of doing some faded [sic] checking, I guess late last week, yeah, late last week, we came across an early filing of Applied Concepts in Illinois to do business. And we had a printout and I'd like to submit that as an exhibit.

(*Id.*) In Exhibit D to its opposition, Plaintiff has attached a copy of an Illinois Secretary of State document which confirms that ACI had indeed been licensed to do business in Illinois. (Dunn and Bradstreet Report, Ex. D to Pl.'s Opp'n.) Defendants points out, however, that the Illinois Secretary of State records show that ACI's license was revoked on May 1, 1992. (Defs.' Reply at 5.) Defendants conclude that Bingo Brain is statutorily time-barred from

4

relying on ACI's expired license because Illinois' Business Organization statute, 805 ILCS 5/12.80, states that claims against a dissolved corporation must be brought within five years of the date of dissolution. (*Id.*) The court is uncertain, however, that the fact that ACI's Illinois license was revoked triggers the dissolution provisions.

In addition to the distribution to Mary Poreda and the expired Illinois license, Plaintiff notes that in August of 1992, ACI entered into an "Exclusive Territorial Distributorship of the Bingo Mate Computer" agreement with Mr. George Edward Pinchek ("Pinchek"), allegedly a distributor of Defendants' products in the Chicago area. (Pl.'s Opp'n at 6.) Bingo asserts that pursuant to this agreement, ACI "sold dozens of Bingo Mate units to Mr. Pinchek." (*Id.*) In Pinchek's declaration, he confirms that there was indeed a "distribution agreement with Applied Concept, Inc., . . . which included delivery of about twenty + Bingo Mate units to use in my [Pinchek's] bingo hall." (Declaration of George Edward Pinchek ¶ 1.) Defendants counter by claiming that although there was an agreement between ACI and Pinchek,, the agreement was terminated "sometime in 1993." (Defs.' Reply at 6.) Defendants explain that at sometime in 1993 ACI "contributed" the Pinchek account to BCI as an "equity contribution." (Adams Deposition, at 55.) Defendants thus conclude that "[a]lthough the agreement with Mr. Pinchek originated with ACI and Mr. Pinchek purchased a small number from ACI, the entire agreement, including the bingo computer units, were contributed to BCI more than seven years ago and cannot form the basis for personal jurisdiction." (Defs.' Reply at 6.)

5

# DISCUSSION

I.  Motion to Transfer

As Defendants point out, the Seventh Circuit has "never adhered to a rigid 'first to file' rule." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987). The court agrees with Defendants that *Tempco* and its progeny, if applicable, would not preclude transfer, but the court also agrees with Plaintiff that those cases are not applicable. This is a suit involving a patent, in which the law of the Federal Circuit controls. The Federal Circuit has adopted the "first-to-file" rule.

> The question of whether a properly brought declaratory action to determine patent rights should yield to a later-filed suit for patent infringement raises the issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits. Thus, although the Federal Circuit applies the procedural law of the regional circuit in matters that are not unique to patent law, and although matters of procedure do not always carry substantive weight, the regional circuit practice need not control when the question is important to national uniformity in patent practice. . . . We decline to apply *Tempco Electric* to patent cases. . . . We prefer to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective dispositions of disputes, require otherwise.

*Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (citations omitted).

Defendants claim that notwithstanding the general rule of "first-to-file," the action should be transfer to the Northern District of Ohio because such transfer will better serve (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss, Transfer and/or Stay, 3.) The Federal Circuit in *Genentech* notes that

the trial court's discretion tempers the preference for the first-filed suit, when such preference should yield to the forum in which all interests are best served. There must, however, be sound reason that would make it unjust or inefficient to continue the first-filed action. Such reason may be the convenience and availability of witness, or absence of jurisdiction over all necessary or desirable parties, or the possibility of consolidation with related litigation, or considerations relating to the real party in interest.

*Genentech*, 998 F.2d at 938 (citations omitted). Defendants urge that issues of convenience and jurisdiction militate in favor of transfer; those arguments, however, were previously considered and ultimately rejected by Judge Gaughan in the Ohio action. (Defendants' Memorandum of Law in Support of Their Motion to Dismiss, Transfer and/or Stay ("Defs.' Memo"), at 3.) Although this court might reach different conclusions on these issues, -- notably, no party in the Ohio action (not even Plaintiff Bingo Brain) is located in Illinois -- the court nevertheless concludes the doctrine of issue estoppel bars them from consideration of these issues at this juncture. *Perkins v. Board of Trustees of the Univ. of Illinois*, 116 F.3d 235, 237 (7th Cir.1997) ("An issue actually and necessarily decided in an earlier suit between the same parties is preclusive in later litigation."). Accordingly, the court denies Defendants' motion to transfer.

An alternate analysis might focus on the Ohio litigation as presenting the same case or controversy as the dispute before this court. Such an analysis yields the same result, as the Ohio court's decision transferring the case to this court is the law of the case. *See Christiansen v. Colt Indus. Operating Corp.*, 486 U.S. 800, 803, 819 (1988) ("[T]he courts of appeals should achieve the end of quick settlement of questions of transfer by adhering strictly to principles of law of the case. Under those principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end. . . . There is no reason to apply

7

law-of-the-case principles less rigorously to transfer decisions that implicate the transferee's jurisdiction. Perpetual litigation of any issue--jurisdictional or nonjurisdictional--delays, and therefore threatens to deny, justice.") Inasmuch as Judge Gaughan set out plausible reasons and explanations for her decision to transfer the matter to Illinois, her decision is law of the case and thus this court denies Defendants' motion to transfer.

## II. Personal Jurisdiction of ACI

Defendants ask the court to dismiss the action with respect to Defendant ACI, an Ohio corporation, for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Specifically, Defendants maintain that ACI lacks sufficient minimum contacts with this forum.

When evaluating such a motion, the court recognizes that plaintiff bears the burden of providing sufficient facts to establish personal jurisdiction. The court may consider materials going beyond the pleadings, but must adhere to the standard that all facts concerning jurisdiction are construed in favor of the plaintiff. *Tingstol Co. v. Rainbow Sales, Inc.*, 8 F. Supp.2d 1113, 1115 (N.D. Ill. 1998); *see also Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1383 (Fed. Cir. 1998) (plaintiff must prove by a preponderance of the evidence that personal jurisdiction exists.)

A district court may exercise personal jurisdiction over a non-resident defendant to the extent allowed by the long-arm statute of the state where the court sits. *3D Systems. Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376 (Fed. Cir. 1998); *see also HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999) ("Personal jurisdiction over an out-of-state defendant is proper if the forum state's long-arm statute permits the assertion of

jurisdiction.") Illinois' long-arm statute expressly provides that personal jurisdiction over a non-resident defendant extends to the full extent permitted by the Illinois and U.S. Constitutions. *See* 735 ILCS 5/2-209(c); *see also Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 622 (N.D. Ill. 1998). Thus, the issue before the court is whether the exercise of personal jurisdiction over the Defendant ACI is consistent with due process.

In a patent infringement case, Federal Circuit precedent controls the analysis whether the exercise of personal jurisdiction over an out-of-state infringer is consistent with due process. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir.), *cert. denied*, 515 U.S. 1122 (1995); *3D Systems, Inc.*, 160 F.3d at 1377 ("when analyzing personal jurisdiction for purposes of compliance with federal due process, Federal Circuit law, rather than regional circuit law, applies . . ."); *see also Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564-65 (Fed. Cir. 1994) (applying Federal Circuit law in determining whether district court had personal jurisdiction over an out-of-state corporation accused of patent infringement). In *Akro*, the Federal Circuit outlined a three-prong test for determining whether, in patent infringement cases, due process jurisdictional requirements are met. Under this standard, specific personal jurisdiction exists if:

(1) the defendant purposefully directed its activities at the residents of the forum;
(2) the claim arises out of or is related to those activities, and
(3) assertion of personal jurisdiction is reasonable and fair.

*Akro*, 45 F.3d at 1545; *3D Systems, Inc.* 160 F.3d at 1379; *HollyAnne Corp.*, 199 F.3d at 1307. "Even a single contact with a forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998).

9

Plaintiff argues that the first prong of the *Akro* test is met because ACI directed the following activities at Illinois: (1) ACI delivered its infringing devices to Ms. Poreda, a bingo hall operator in the Chicago area, sometime between 1990 and 1991; (2) ACI entered into an Exclusive Territorial Distributorship for the Chicago area with Mr. Pinchek under which ACI sold a small number of Bingo Mate units to Pinchek in 1992; and (3) ACI was formerly licensed to do business in Illinois at the latest in 1992. (Defendants' Memorandum of Law in Reply to Bingo Brain Inc.'s Opposition to and in Further Support of Defendants Motion to Dismiss, Transfer and/or Stay, at 8.) Construing all facts concerning jurisdiction in favor of the Plaintiff, the court finds that ACI has purposefully directed its activities toward Illinois, thus satisfying the first prong of the *Akro* test.

The second prong of the *Akro* test requires that the cause of action arise out of or directly relate to the defendant's activities in the forum state. Plaintiff's cause of action is the alleged infringement of its patent. Patent infringement occurs when a party "without authority makes, uses, offers to sell or sells any patented invention." 35 U.S.C. § 271(a) (1994). Thus, for there to be specific personal jurisdiction over ACI in Illinois, Plaintiff would have to allege that ACI participated in one of those listed activities in Illinois. In this case, it is exactly the contacts that Bingo Brain alleges which constitute the basis for its infringement cause of action. "No more is usually required to establish specific jurisdiction." *Beverly Hills Fan Co.*, 21 F.3d at 1565 (Federal Circuit reversing district court's dismissal for want of personal jurisdiction where the very acts which formed the basis of the minimum contact analysis were the basis for cause of action.). Here, too, the cause of action arises out of or directly relates to the defendant's activities in the forum state.

"Where personal jurisdiction has been shown to otherwise comport with due process, the defendant may yet defeat it on constitutional grounds if he can make '*a compelling case* that the presence of some other considerations would render jurisdiction unreasonable.'" *Akro*, 45 F.3d at 1549 (emphasis added) (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). Because ACI has failed to set forth any compelling reasons which would render jurisdiction unreasonable, and because the Ohio court has already transferred Defendants' declaratory judgment action to this court, this court concludes it is reasonable to exercise personal jurisdiction over ACI.

## CONCLUSION

For the reasons stated herein, the court denies Defendants' motion to dismiss, transfer and/or stay.

ENTER:

Dated: May 24, 2000

REBECCA R. PALLMEYER
United States District Judge